UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLASS PATTERSON

        Plaintiff,                               Case Number: 05-CV-71528

v.                                                   JUDGE PAUL D. BORMAN
                                                        UNITED STATES DISTRICT COURT

COUNTY OF WAYNE, WAYNE COUNTY
DEPUTY SHERIFFS MICHAEL WINFREY,
AARON MEDLEY, KENNETH TOTH,
RUSSELL HERR, Individually and in Their
Official Capacities,

        Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTIONS *IN LIMINE***

Now before the Court is defendants ("Defendants")[1] Wayne County's, Michael Winfrey's, Aaron Medley's, and Russell Herr's Motions *in Limine* (Dkt. Nos. 51, 55). Plaintiff Douglass Patterson ("Plaintiff") filed two separate Responses on July 24, 2009. (Dkt. Nos. 56-57). The Court held a hearing on these matters on August 13, 2009. Trial is currently scheduled for September 16, 2009.

For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motions *in Limine*.

**I.    BACKGROUND**

This case arises from an alleged attack against Plaintiff by defendants Winfrey, Medley, and

---

[1] The Court dismissed defendant Kenneth Toth from the lawsuit on December 1, 2008. (Dkt. No. 46).

Herr ("Individual Defendants") while Plaintiff was being transported through a tunnel between two areas of the Wayne County Jail located in Detroit, Michigan. Plaintiff claims that the entire incident arose after he attempted to bring certain legal documents with him to a hearing in federal court but was prevented from doing so because the legal documents were contained in a plastic bag, an alleged item of contraband, confiscated by the Defendants. Plaintiff suffers from polymyositis, a condition that he claims not only prevented him from carrying the legal documents without the plastic bag but also worsened the effect of Defendants' alleged attack against him.

## II.     ANALYSIS

### A.     Standard of Review

District courts may rule on motions *in limine* under their authority to manage trials, even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The Court exercises discretion when resolving questions of relevancy and admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1992). Generally, evidentiary determinations depend largely upon the Court's assessment of the relevance of proffered evidence as well as the extent that any prejudice is created by its admission.

### B.     Expert Medical Witness Testimony

Plaintiff's former counsel, Steven Budaj, listed Dr. Laran Lerner, Dr. Charles Spinazolla, Dr. James R. Fletcher, Dr. Gerald A. Shiener, and Dr. Paul Harvey as potential witnesses on his Witness List dated February 1, 2006. (Dkt. No.16). Defendants contend that this constituted an expert witness disclosure, which under Fed. R. Civ. P. 26(a)(2)(B) must be accompanied by a written report. Defendants further assert that their interrogatories specifically requested information about

Plaintiff's five potential expert witnesses. Despite this request, however, Plaintiff only supplied Dr. Shiener's *curriculum vitae*, which Defendants argue does not come close to meeting the requirements for written reports outlined in Fed. R. Civ. P. 26(a)(2)(B).[2] Defendants emphasize that over two and one-half years and three discovery extensions later, Plaintiff still has not provided these reports to Defendants. Defendants claim that if these experts are permitted to testify at trial, they will be prejudiced under Fed. R. Civ. P. 26(a)(2)(C) because they were unable to have their medical experts, who were timely identified, prepare rebuttal reports.

As Plaintiff points out, however, Fed. R. Civ. P. 26(a)(2)(B) only applies "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." In *Fielden v. CSX Transport*, 482 F.3d 866 (6th Cir. 2007), the Sixth Circuit determined that Fed. R. Civ. P. 26(a)(2)(B) does not require the filing of an expert written report under that section where the expert witness is a physician who is a treating physician and was not retained to provide expert testimony. The court found that such a conclusion not only comported with the plain language of the rule but also to Advisory Committee Note to Fed. R. Civ. P. 26, which states that a "treating physician . . . can be

---

[2] The written report must contain:
(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the data or other information considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

3

deposed or called to testify at trial without any requirement for a written report." *Id*. at 869. The court stressed that in order to avoid having to file written reports, the testimony must not stray from the core of the physician's treatment—i.e., "what the physician learned through actual treatment and from the plaintiff's records up to and including that treatment." *Id*. at 869.

Thus, the Court concludes that under Fed. R. Civ. P. 26(a)(2)(B) and *Fielden*, Plaintiff may call Dr. Laran Lerner, Dr. Charles Spinazolla, and Dr. James R. Fletcher as witnesses provided that Plaintiff can demonstrate at trial that the doctors' opinions were rendered as treating physicians and not in anticipation of litigation. *See Mohney v. USA Hockey, Inc.*, 138 Fed. App'x 804, 811 (6th Cir. 2005) ("[W]here the treating physician's opinion is rendered in anticipation of litigation, courts have held that 'causation is beyond the scope of the testimony a treating physician may provide without tendering an expert disclosure report.'") (*quoting Martin v. CSX Transp., Inc.*, 215 F.R.D. 554, 556-57 (S.D. Ind. 2003)).

With respect to Dr. Shiener, Defendants submit a copy of an October 3, 2005 letter ("October 3, 2005 Letter") from Dr. Shiener to Steven Budaj, Plaintiff's former counsel. (*See* Dkt. No. 57, Pl.'s Resp. Br. Ex. A). The letter clearly provides that Dr. Shiener's opinion of Plaintiff was rendered solely in anticipation of litigation.

Thus, Plaintiff was required to provide Defendants with an expert witness report from Dr. Shiener that satisfies the six requirements under Fed. R. Civ. P. 26(a)(2)(b). In response to Defendants' Interrogatories and Document Requests Regarding Plaintiff's Expert Witnesses, Plaintiff provided only the *curriculum vitae* of Dr. Shiener during discovery. As to the October 3, 2005 Letter regarding Plaintiff, Defendants claim, and Plaintiff has not shown otherwise, that they did not receive the letter until July 24, 2009, less than two months before trial and more than two

4

years after the close of discovery. But even reading the October 3, 2005 Letter in conjunction with the *curriculum vitae*, the documents do not satisfy the expert witness disclosure requirements under Fed. R. Civ. P. 26(a)(2)(b). Because Plaintiff has failed to provide Defendants with an expert witness report from Dr. Shiener, the Court bars his testimony at trial.

As to Dr. Harvey, Defendants argue in their Reply that any testimony from Dr. Harvey also is barred because Plaintiff seemingly admits in his Response that only Drs. Larner, Spinazolla, and Fletcher were treating physicians; Plaintiff does not indicate that either Dr. Harvey or Dr. Shiener were treating physicians. Accordingly, the Court precludes Plaintiff from presenting Dr. Harvey's testimony at trial.

Also in their Reply, Defendants contend that Dr. Lerner should be struck as a witness at trial because Dr. Lerner first saw Plaintiff nine months after the alleged assault, and while Dr. Lerner diagnosed Plaintiff as continuing to suffer from pre-existing disorders, he provided no treatment as to causation and rendered no opinion as to the cause of Plaintiff's complaints. Defendants, therefore, argue that any testimony Plaintiff could elicit from Dr. Lerner would constitute nothing more than an opinion by an individual specifically retained to examine Plaintiff. Without more, the Court hesitates granting Defendants' Motion with respect to Dr. Lerner and instead allows him to testify
as a treating physician as to his treatment of Plaintiff for his condition.

Lastly, Defendants argue that even assuming that Drs. Lerner, Spinazolla, and Fletcher are treating physicians who were not required to provide expert reports under Fed. R. Civ. P. 26(a)(2), Plaintiff failed to provide Defendants with other information that is discoverable under Fed. R. Civ. P. 26(b), including the name, address, and qualifications of each doctor. The Defendants cite

5

discovery responses that Plaintiff allegedly served on the Defendants on the last day of discovery but then failed to attach them to their Reply. Without further clarification as to what Defendants actually knew about Drs. Lerner, Spinazolla, and Fletcher before the close of discovery, the Court does not preclude them from testifying at trial.

### C. Prior Convictions

Defendants move to introduce evidence or argument regarding Plaintiff's prior convictions under Fed. R. Evid. 609.

Rule 609(a)(1) provides that, for impeachment purposes, evidence that an accused has been convicted of a crime (punishable by death or imprisonment in excess of one year) shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused. Rule 609(a)(2) allows admissions of prior convictions, regardless of their prejudicial effect or length of punishment, "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness."

At the August 13, 2009 hearing on Defendants' motions *in limine*, the Court requested defense counsel to provide the Court with more specific information regarding Plaintiff's prior convictions that defense counsel sought to introduce at trial. On August 17, 2009, Plaintiff provided the Court with a memorandum listing three of Plaintiff's prior offenses: wire fraud, conspiracy to commit fraud, and escape from custody. (Dkt. No. 64).

As to the first two offenses, wire fraud and conspiracy to commit wire fraud, the Court finds that these offenses involved an act of dishonesty or false statement. The elements of an indictable offense of wire fraud are: (1) a scheme designed to defraud or to obtain money or property by false

6

pretenses; and (2) use of interstate communications in furtherance of the fraudulent scheme. *See* 18 U.S.C. § 1343.  Plaintiff pled guilty to both wire fraud and conspiracy to commit wire fraud under 18 U.S.C. § 1343 and related statutes.  Accordingly, both offenses are properly admitted under Fed. R. Evid. 609(a)(2).

As to the third crime, Plaintiff pled guilty to and was convicted of escaping from custody in violation of 18 U.S.C. § 751.  "The three elements of the offense of escape are (a) that there was a conviction, (b) that there was an escape, and (c) that the escape was from a confinement arising by nature of the conviction."  *United States v. Chapman*, 455 F.2d 746, 749 (5th Cir. 1972).  Because the elements of this conviction do not readily require proof of an act of dishonesty or false statements, the Court declines to allow Defendants to introduce evidence of Plaintiff's conviction for escape from custody under Fed. R. Evid. 609(a)(2).  Nevertheless, the Court will allow Defendants to introduce evidence of the escape from custody conviction under Rule 609(a)(1) because of the similarity of the circumstances of these cases—both involve conduct during a custodial situation, and further, the Court finds pursuant to Fed. R. Evid. 403, that the probative value substantially outweighs the prejudicial effect.

### D.      Reference to a Police "Code of Silence"

Defendants seek to preclude Plaintiff or Plaintiff's counsel from making any references to a police "code of silence" at trial.  In support, Defendants cite several case from the Northern District of Illinois, which have similar statements inadmissible as irrelevant and prejudicial. *See Townsend v. Benya*, 287 F. Supp. 2d. 868, 876 (N.D. Ill. 2003); *Lopez v. City of Chicago*, Case No. 01 C 1823, 2005 WL 563212, at *10 (N.D. Ill. Mar. 8, 2005); *Basil v. Ondrato*, Case No. 02 C 3795, 2003 WL 22953340, at *2 (N.D. Ill. Dec. 12, 2003) ("[N]o evidence or argument may be offered

regarding a police 'code of silence' or widespread cover-ups of police misconduct, including use of the phrase 'code of silence.'").

At the hearing, Plaintiff's counsel conceded that she would make no general reference to a "code of silence"—or any like phrases—in attempt to show that law enforcement officers collaborate to cover up police misconduct. Therefore, the grants Defendants' Motion with respect to this issue.

**E.  Evidence of Deputies' Indemnity from Wayne County**

Defendants move to exclude evidence of the Individual Defendants' indemnity from Defendant Wayne County. Plaintiff concurs that such evidence would be inadmissible under Fed. R. of Evid. 401 and 403. Accordingly, the Court grants Defendants' Motion with respect to this issue.

**F.  Testimony Regarding Plaintiff Not Being Allowed to Transport Paperwork to Court**

Defendants seek to exclude any testimony regarding Defendants not allowing Plaintiff to transport paperwork to court just before the alleged attack occurred. Defendants argue that because the Court found Plaintiff's claim for relief limited to the alleged attack, Plaintiff should be precluded from providing testimony of Defendants preventing him from bringing his paperwork. That is, Defendants contend that any such testimony would confuse the issues of the case and would be confusing and misleading to the jury.

Under Fed. R. of Evid. 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

While there is a slight risk of confusing the issues of the case, the Court will allow Plaintiff

8

to testify that Defendants prevented him from transporting his paperwork to court, as the risk of confusion does not substantially outweigh the probative value of the testimony. As Plaintiff alluded to in his deposition, the incident with his paperwork may have been a precursor to the alleged attack. (Pl. Dep. 20-22, 32). Beyond perhaps establishing motive for alleged attack, the testimony also would help to provide a complete narrative of the events leading up to alleged attack. To the extent that Defendants are concerned that Plaintiff will attempt to bring in new claims in front of the jury, they may testify that they did not inform Plaintiff that he could not bring his papers to court with him that day and that instead, they informed him that he simply could not bring the papers in a plastic bag because the plastic bag was considered contraband.

Accordingly, the Court denies Defendants' Motion with respect to this issue.

### G. Dr. Gerald Shiener's Letter to Plaintiff's Former Counsel Dated October 3, 2005

Defendants seek to exclude the October 3, 2005 Letter. As discussed above, even assuming that Plaintiff timely provided Dr. Shiener's letter to Defendants, the letter nonetheless is inadmissible because Plaintiff failed to provide an expert report under Fed. R. Civ. P. 26(a)(2)(B) for Dr. Shiener. Accordingly, the Court grants Defendants' Motion to exclude Dr. Shiener's October 2, 2005 Letter from evidence.

### H. Plaintiff's Medical Records Authored by Any Witnesses Identified as Experts by Plaintiff

Defendants move the Court to preclude Plaintiff's medical records authored by any witnesses identified by Plaintiff as experts, as Plaintiff failed to provide expert witness discovery. As discussed above, Drs. Larner, Spinazolla, and Fletcher were treating physicians, who appear not have been retained in anticipation of litigation. Therefore, the Court will permit Plaintiff to

9

introduce medical records authored by these doctors provided that Plaintiff demonstrates that these doctors did, in fact, treat Plaintiff, but not specifically in anticipation of this litigation.

**I.      Plaintiff's Medical Records from Milan Federal Correctional Institution**

Defendants seek to preclude Plaintiff from introducing medical records from the Milan Federal Correctional Institution because none of these records were disclosed to Defendants during discovery. Fed. R. Civ. P. 37(c)(1) prohibits a party, who without substantial justification failed to disclose information required by Fed. R. Civ. P. 26(e)(1), from introducing at trial any evidence not previously disclosed, unless failure of that party to disclose the evidence is harmless.

Plaintiff first provided the Milan Federal Correctional Institution medical records to Defendants on September 4, 2008 in his Response to Defendants' July 25, 2008 Motion for Summary Judgment. Also, on September 4, 2008, Plaintiff's current counsel filed an appearance in this case. Plaintiff's initial counsel, Mr. Budaj, was allowed to withdraw as counsel for Plaintiff on June 27, 2006. Mr. Budaj had been representing Plaintiff when discovery had closed on May 15, 2006.

Plaintiff's current counsel claims that she has provided Defendants with all of the Milan Federal Correctional Institution records in her possession. In addition, Plaintiff's current counsel asserts, upon information and belief, that Plaintiff's former counsel previously provided a release to Defendants that would have allowed them to directly access these records, that the release is no longer valid, and that the records were never obtained.

At the motion hearing, Plaintiff agreed to provide another release to Defendants so that Defense counsel could subpoena the Milan Federal Correctional Institution records. Defendants provided the subpoena to the Court, which the Court promptly served on and aide to the warden of

the Milan Federal Correctional Institution.

Accordingly, the Court does not preclude Plaintiff from introducing Plaintiff's medical records from the Milan Federal Correctional Institution at trial.

### J.      Lay or Expert Witnesses Not Previously Disclosed on Plaintiff's Witness List

Defendant moves the Court to preclude Plaintiff from calling any lay or expert witness that was not previously disclosed on Plaintiff's witness list. Plaintiff concurs with the relief sought by Defendants to the extent that witnesses not listed on a party's witness list are not allowed to testify. Plaintiff contends, however, that there is an exception when a party is able to show good cause.

According to the Court's Scheduling Order, "[o]nly listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or for good cause shown." (Dkt. No. 6). At the hearing Plaintiff listed three potential witnesses that were not previously disclosed on Plaintiff's witness list. This was the first time that the Court heard of these witnesses. From what Plaintiff's counsel disclosed at the hearing, no good cause exists for Plaintiff to call these previously undisclosed witnesses at trial.

Accordingly, the Court grants Defendants' Motion to the extent that it limits Plaintiff's ability to call witnesses to that expressly mandated in the Court's Scheduling Order.

### K.      Former Wayne County Sheriff Warren Evans

Defendants move the Court to preclude Plaintiff from calling former Wayne County Sheriff Warren Evan to testify as a witness at trial because he has no personal knowledge of and had no involvement with the incident in question and because Wayne County policies and procedures are not at issue in this case. Plaintiff concurs. Further, Evans is no longer Wayne County Sheriff. Accordingly, the Court grants Defendants' Motion with respect to this issue.

### L.       Documents Attributing Current Physical and Psychological Injuries to Plaintiff's Former Counsel

Defendants seek the admission of certain statements that Plaintiff made in a series of settlement letters to Defendants' counsel regarding his emotional condition. Defendants contend that in the letters, Plaintiff claims that his former attorney's withdrawal from representation further exacerbated his emotional condition, which Plaintiff has put into controversy in this lawsuit. Defendants move for the admission of those portions of Plaintiff's letters that are not otherwise excluded under Fed. R. of Evid. 408, Compromise and Offers to Compromise.

After a thorough review of the letters, there are two paragraphs that pertain to Plaintiff's exacerbated emotional state due to the withdrawal of his former attorney:

> 8.(2).   The Emotional Element
> I have been forced to consult you against advice. . . . I am currently alone in this matter and it has taken a physical and mental toll on my health.
>
> . . .
>
> 11.   Mr. Steven Budaj's abrupt departure from this action has placed me in a position to apply mental and physical strength to this case, which I could be better served in counseling and therapy. This added burden of having to personally deal with this action is mentally taxing at best.

Under Fed. R. of Evid. 408, evidence of conduct or statements made in compromise negotiations regarding a claim "is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount . . . ."

The Court finds that Plaintiff's mental and emotional injuries relate to the amount of damages that Plaintiff seeks in this action, and evidence relating to those injuries, including any exacerbation by Mr. Budaj's withdrawal, goes to the validity or amount of Plaintiff's claim. Accordingly, any statements regarding the effect of Mr. Budaj's withdrawal are barred under Fed.

R. of Evid. 408 because they were made in the context of an offer to settle Plaintiff's claims.

### M. Evidence of Plaintiff's Subsequent Lawsuits against Federal Corrections Officers and Other Staff

Defendants also seek the admission of a subsequent lawsuit filed by Plaintiff in the U. S. District Court for the Northern District of West Virginia against fourteen federal correctional officers and other staff, where Plaintiff allegedly attributes his current physical and psychological injuries to those defendants. Defendants argue that this evidence is admissible for two reasons: (1) it is relevant to the issue of Plaintiff's mental injuries and (2) it constitutes "other acts" evidence to show plaintiff's motive or plan in "creating" incidents within institutional settings for the purpose of pursuing civil claims.

Relevant evidence is defined in Fed. R. of Evid. 401, as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." A court may exclude relevant evidence under Fed. R. of Evid. 403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Under Fed. R. of Evid. 404, "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." But, evidence of other crimes, wrongs, or acts may be admissible

> for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b). Therefore, Fed. R. of Evid. 404 does not completely bar evidence of prior bad acts.

The Sixth Circuit applies a three-step process to determine the admissibility of other acts evidence under Fed. R. of Evid. 404(b): first, "whether there is sufficient evidence that the other act in question actually occurred; second, "whether the evidence of the other act is 'probative of a material issue other than character'"; and third "whether the 'probative value of the evidence is substantially outweighed by its potential prejudicial effect.'" *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002) (citations omitted).

In Plaintiff's Complaint in the West Virginia litigation, Plaintiff alleges that on October 1, 2006, he suffered a serious head injury as a result of his walking cane being entangled in an open drainage gate. He further alleges that he suffered dizziness, blurred vision, and headaches as a result of the injury. In addition, Plaintiff claims that he suffered mental anguish and other emotional injuries from the West Virginia defendant's actions in treating and remedying his injury.

Because Plaintiff has placed his physical and psychological health directly at issue in this case, which seeks damages for his alleged injuries at the Wayne County Jail, the Court will allow Defendants to introduce testimony from Plaintiff regarding his alleged injuries that form the basis for the West Virginia litigation. The Court, however, limits the introduction of evidence to Plaintiff's injury claims arising in that lawsuit as set forth in that complaint (i.e., did he suffer X from Y and the extent of X). This ruling precludes Defendants from introducing evidence that there is subsequent West Virginia litigation, including the complaint in that case, unless Plaintiff denies making those statements he set forth in his complaint in that case.

**SO ORDERED.**

                                          S/Paul D. Borman  
                                          PAUL D. BORMAN  
                                          UNITED STATES DISTRICT JUDGE

Dated:  August 28, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 28, 2009.

                                          S/Denise Goodine  
                                          Case Manager